IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

**Rita Wu,**
12020 Great Elm Drive
Potomac, MD 20854

Civil No._____

**Plaintiff,**

v.

**Children's National Medical Center,**
AKA Children's Hospital
111 Michigan Ave., N.W.
Washington, D.C 20010

Serve Registered Agent:

> CT Corporation System
> 1015 – 15th Street, N.W.
> Suite 1000
> Washington, D.C. 20005

**Defendant.**

## COMPLAINT
### (Medical Negligence)

1. This case presents a claim against a health care provider for medical injury within the meaning of Md. Code Cts. & Jud. Proc. §3 -2A-01. The plaintiff filed a claim in the Maryland Health Claims Alternative Dispute Resolution Office on June 23, 2010, and thereafter waived arbitration pursuant to Md. Code Cts. & Jud. Proc. Section 3-2A-06B(b)(1). The Order of Transfer was issued on June 28, 2010.

2. The Plaintiff is Rita Wu. Ms. Wu resides at 12020 Great Elm Drive, Potomac, Maryland 20854, and is a citizen of Maryland.

3. The Defendant is Children's National Medical Center, also known as Children's

Hospital. The Children's National Medical Center is a District of Columbia corporation with its principal place of business at 111 Michigan Avenue, N.W., Washington, D.C. 20010.

4. This court has jurisdiction because the parties are of diverse citizenship, under 28 U.S. Code § 1332(a)(1). The amount in controversy exceeds $75,000, not counting interest and costs.

5. On Friday, July 13, 2007, Ms. Wu underwent surgery to repair a pectus excavatum with a device knows as a Nuss bar. The surgery was performed by Louis Marmon, M.D. at Shady Grove Adventist Hospital in Montgomery County, Maryland.

6. Dr. Marmon is a pediatric surgeon, who was employed at all relevant times by Children's National Medical Center.

7. Dr. Marmon was acting within the scope of his employment by Children's National Medical Center throughout his treatment and care of Ms. Wu.

8. Children's National Medical Center is liable for any damages caused by Dr. Marmon's negligence in his treatment of Ms. Wu.

9. Dr. Marmon owed Ms. Wu a duty to care to use that degree of care and skill which a reasonably competent health care provider, engaged in a similar practice and acting in similar circumstances, would use.

10. During the surgery on July 13, 2007, Dr. Marmon caused two injuries to the right atrium of Ms. Wu's heart, with uncontrolled bleeding. To save her life, other surgeons were called in to repair the right atrium. Despite their efforts, Ms. Wu has been left with a ventricular septal defect that allows blood to flow from her left ventricle to her right atrium.

11. This abnormal shunting of blood in the heart poses a substantial risk of pulmonary hypertension, the destruction of the blood vessels of her lungs and the loss of the ability to exercise and breathe normally. Ms. Wu is at an increased the risk of developing an infection in her heart and blood clots, and she will have an increased risk of complications during any pregnancy.

12. Dr. Marmon was negligent and violated the standard of care in that he performed an unnecessary surgery on Ms. Wu, used the wrong surgical approach that exposed her heart to injury, and carried out the surgery in a negligent manner.

13. If Dr. Marmon had conformed to the standard of care, the injury to Ms. Wu's heart would not have occurred.

14. Dr. Marmon was also negligent and violated the patient's right to make an intelligent and informed decision about the proposed treatment, in that he led Ms. Wu and her family to believe that the surgery was very low risk, and he failed to disclose the possibility of injury to her heart. Any reasonably prudent patient would have declined to let Dr. Marmon operate, and Ms. Wu would have as well, if Dr. Marmon had made the required material disclosures.

13. As a proximate result of Dr. Marmon's negligence and violation of informed consent, Ms. Wu suffered severe and permanent injuries. She:

   a. experienced medical and related expenses, which will continue;

   b. endured physical pain, emotional suffering, mental anguish and loss of enjoyment of life, which will continue throughout her life;

   c. needed assistance in activities of daily living and will likely need such care in the future;

    d. suffered and will continue to suffer a needless and progressive loss of the functioning of her heart and lungs; and

    e. lost income, and will lose further income.

14. The Plaintiff demands judgment of the defendant, Children's National Medical Center, for the acts and omissions of its employee/agent Louis Marmon, M.D., in an amount in excess of the court's jurisdictional limit and in conformity with the proof at trial.

Respectfully submitted,

_____
Patrick A. Malone (Bar No. 06752)

_____
Leonard W. Dooren (Bar No. 11105)
PATRICK MALONE & ASSOCIATES, P.C.
1331 H Street, N.W.
Suite 902
Washington, D.C. 20005
P: 202-742-1500
F: 202-742-1515
*Attorneys for the Plaintiff Rita Wu*

## JURY DEMAND

The plaintiff demands trial by jury.

_____
Patrick A. Malone